## RICHARD RAINFORTH ·

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. EVIDENCE—*admissibility of.* Upon the trial of a party prosecuted under an indictment charging him with obtaining money under false pretenses, the prosecuting witness, the party alleged to have been defrauded, testified that the prisoner represented he had a large quantity of nutmeg graters and weather strips, and that he was induced, by his representations as to the profits arising from the sale of them, to embark in the business with him, and that he paid him $200. On cross-examination, the witness was asked: "Did you not get fifty-six dozen nutmeg graters?" *Held,* it was error to refuse to permit the question to be answered. The prisoner had the right to any testimony which might show his representations to be true, and any evidence which showed that the property, or any part of it, was owned by the prisoner, and was obtained by the prosecutor, should have been received as explanatory of the character of the representations.

2. JURY—*taking written evidence with them on their retirement.* The jury, on their retirement, were permitted to take a portion of the written evidence introduced on the trial, but the court refused the application of the prisoner to permit them to have the other written evidence. Without deciding as to the propriety of the course pursued in permitting the jury to take with them written evidence, this court holds that the action of the circuit court in that respect was unjust to the prisoner; that all the written evidence should have been taken by the jury, or none.

WRIT OF ERROR to the Criminal Court of Cook county: the Hon. HENRY BOOTH, Judge, presiding.

Richard Rainforth was prosecuted in the court below under an indictment which charged him, substantially, as follows:

That he, on the 23d day of September, in the year of our Lord one thousand eight hundred and seventy, in the county and State aforesaid, with a view to obtain, and for the purpose of obtaining, of and from Alexander L. Smith his money and personal property, and for the purpose of selling to said Smith one-half interest in the business then being carried on by said Rainforth, did then and there unlawfully, knowingly, designedly and falsely, pretend to said Smith that he, the said

Rainforth, then and there owned, and had on hand in his business, nine thousand feet of weather strips at No. 92 Washington street, in the city of Chicago, and that he then and there had on hand and owned two hundred and fifty dozen nutmeg graters, and that his, said Rainforth's business, was then paying him a profit of from $90 to $200 per week; whereas, in truth and in fact, the said Rainforth did not then and there own and have on hand, at No. 92 Washington street, in said city, nine thousand feet of weather strips; and, whereas, in truth and in fact, he, the said Rainforth, did not own and have on hand two hundred and fifty dozen nutmeg graters; and, whereas, in truth and in fact, the business of him, the said Rainforth, was not then and there paying him a profit of from $90 to $200 per week; and, whereas, in truth and in fact, he, the said Rainforth, well knew the said pretenses to be false, and that he, the said Smith, then and there believed said pretenses to be true, and then and there relied upon the same as being true, but was deceived thereby. By reason and by means of which said false pretenses, he, the said Rainforth, then and there unlawfully, knowingly and designedly, obtained of and from said Smith one $20 United States note of the value of $20, two $10 United States notes of the value of $10 each, one $20 current bank bill of the value of $20, a certain bank check for $160, dated on the 1st day of September, A. D. 1870, of the value of $160, the property of said Alexander L. Smith, with the intent then and there to cheat and defraud him thereof, contrary to the statute and against the peace and dignity of the people of the State of Illinois.

The jury rendered a verdict of guilty, upon which the court gave judgment and sentenced the defendant to four months imprisonment in the county jail.

The defendant brings the record to this court and asks a reversal of the judgment.

Messrs. E. & A. VAN BUREN, for the plaintiff in error.

Mr. CHARLES H. REED, State's Attorney, for the people.

Per CURIAM: The plaintiff in error was indicted for obtaining money by false pretenses.

The prosecuting witness, and the party alleged to have been defrauded, testified that plaintiff in error represented that he had a large quantity of nutmeg graters and weather strips, and that he was induced, by his representations as to the profits arising from a sale of them, to embark in the business with him, and that he paid him $200.

It was a material inquiry whether or not plaintiff in error was the owner and in possession of the property enumerated. Every fact which tended to rebut the alleged false pretense should have been submitted to the jury.

On cross-examination, the prosecuting witness was asked: "Did you not get fifty-six dozen nutmeg graters?" The court refused to permit the question to be answered. This was error. The party charged had the right to any testimony which might show his representations to be true. The *gist* of the offense was the false pretense. Proof which showed that the property, or any part of it, was owned by plaintiff in error, and obtained by the prosecutor, should have been received as explanatory of the character of the representations.

A book containing advertisements of the business was found upon the prisoner's table, and the contents of this book, together with letters of the parties and a written agreement between them, were read in evidence.

Upon the retirement of the jury, the court permitted them to take the book, and refused the application of the prisoner to allow them to have the other written evidence.

We shall not decide as to the propriety of the course pursued, further than to remark that this action of the court was unjust to the prisoner. All the written evidence read to the jury should have been taken by them, or none.

The judgment is reversed and the cause remanded.

*Judgment reversed.*